DAVID SEROR – Bar No. 67488
JESSICA L. BAGDANOV – Bar No. 281020
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:     dseror@bg.law
           jbagdanov@bg.law

Attorneys for Creditor Nancy Zamora,
Chapter 7 Trustee for Real Estate Short Sales, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>JULIO C. MOLICA and<br>NANCY A. CUEVA,<br><br>                Debtors. | Case No. 1:19-bk-10542-MT<br><br>Chapter 13<br><br>**DECLARATION OF NANCY ZAMORA IN RESPONSE TO EX-PARTE MOTION FILED BY NANCY CUEVA [DOC. #42]**<br><br>No Hearing Set or Requested |

1

2109806

I, Nancy Zamora, declare:

1. I am the duly appointed and acting chapter 7 Trustee ("Trustee") for the related bankruptcy estate of *In re Real Estate Short Sales, Inc.* (Bankr. Case No. 1:16-bk-11387-GM), and am a creditor of this chapter 13 case filed by Debtors Julio Molica and Nancy Cueva ("Debtors"). I have personal knowledge of the facts contained in this declaration, and if called as a witness, I would and could competently testify thereto under oath.

2. I make this declaration in opposition to the *"Ex Parte Motion to Oppose and Refrain Chapter 7 Trustee Nancy Zamora, Trustee of Real Estate Short Sales, Inc., Case No. 16-11387-MG, to Remove and Sale Debtor's Julio C. Molica and Nancy A. Cueva's Personal Property, Scheduled for 4/24/19, Removal and 4/29/19 Sale Date"* [sic] [Doc. #42] (the "Ex Parte Motion").

3. On May 6, 2016, these Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on behalf of their wholly owned corporation, Real Estate Short Sales, Inc. ("RESS"). The RESS bankruptcy case was converted to one under chapter 7 on September 19, 2017, and I was appointed as Trustee, in which capacity I continue to serve.

4. As previously explained to this Court in connection with the Debtor's motion to impose the automatic stay in this case, I have had extreme difficulty administering the RESS bankruptcy case due to the Debtors' persistent interference and attempts to cloud title to property of the RESS estate. I spent the better part of 6 months attempting to sell real property located at 10351 Oklahoma Avenue, Chatsworth, California 91311 (the "Chatsworth Property"). Title to the Chatsworth Property was held in RESS' name, and the Debtors resided in the Chatsworth Property for many years, failing to make mortgage payments. Ultimately, I obtained Court approval to sell the Chatsworth Property via short sale. The Sale Order was entered December 4, 2018 and required the Debtors to vacate the Chatsworth Property by December 17, 2018.

5. The Sale Order is on appeal, however on December 19, 2018, the Court entered an *Order Denying Motion for Stay Pending Appeal*, which I submitted to this Court as Exhibit A to the *Statement of Position re Debtors' Motion for Order Imposing a Stay* [Doc. #30]. Accordingly, the Debtors' obligation to timely vacate the Chatsworth Property was never stayed.

2

6. The Debtors did not vacate the Chatsworth Property, and I was forced to engage the U.S. Marshal to physically remove them. Once the Debtors were removed from the Chatsworth Property, the Debtors left almost all of their personal property—decades worth of personal effects and records—at the Chatsworth Property. The RESS estate has actually paid over $10,000 to insure and store the Debtors' personal effects.

7. On or about January 29, 2019, escrow closed on the Chatsworth Property. On or about January 30, 2019 I paid Excalibur Moving and Storage ("Excalibur") $7,000 to remove and store all personal property and belongings from the Chatsworth Property (and had received Court approval to do so).

8. Cueva and Molica were present during the moving process, which occurred between January 30 and February 1, 2019. They took some of their personal belongings with them, but the vast majority of their belongings—one and one-half large moving trucks-worth of property (3,100 cubic feet)—remain in storage. Certainly, if the Debtors had critical medical equipment as Ms. Cueva claims in her declaration, they could have taken it with them at that time.

9. On January 30, 2019, I caused to be served on Cueva and Molica two Notices to Former Occupants, advising them that if they did not retrieve their belongings from storage on or before **_February 14, 2019_**, I would be permitted to dispose of the property in accordance with California law. True and correct copies of the Notices to Former Occupants, with proofs of service, are attached hereto as **Exhibits 1 and 2**, respectively.

10. On February 26, 2019, after numerous attempts to reach Cueva and Molica regarding the stored personal property, my counsel sent a final notice to Daniel McCarthy, Esq. and Cueva via email on which I was copied, notifying them that I intended to destroy all personal property left in storage on February 28, 2019 unless the storage facility was cleared out before then. I chose the date of February 28, 2019 because on March 1, 2019, I was to incur an additional month's storage fee if the property remains in storage as of that date.

11. On February 27, 2019, my real estate broker, Behnaz Tavakoli, and my counsel received correspondence from Cueva indicating she wished to take over the contract with Excalibur.

12. However, on February 28, 2019 at 12:23 p.m., I received an email from Excalibur that Cueva will not pay for go-forward storage costs for her personal property, and that Excalibur no longer wished to store the property regardless of who is obligated under the contract. It is not true that I "refused to give consent for debtors to move out their property" as Ms. Cueva states under penalty of perjury in her declaration.

13. After receiving the email from Excalibur, I contacted multiple auctioneers to potentially sell the personal property to offset the estate's costs incurred in storing it. I have engaged Orrill's Auction in Sylmar, California to conduct a public sale of the personal property.

14. On April 1, 2019, I received an email from Edgar at Excalibur confirming that Ms. Cueva has not contacted Excalibur to take possession of the Debtors' personal property. A true and correct copy of this email is attached as **Exhibit 3,** and as shown therein, I forwarded the email to Matthew Resnick, counsel of record for the Debtors. My email to Mr. Resnick informed him that I intended to proceed with auction of the personal property in order to recoup storage costs, if possible.

15. I have paid Excalibur approximately $5,272 for costs of storage of the Debtors' personal property and the cost to move the items to the auction facility in Sylmar, California. These storage costs are in addition to the $7,000 I paid Excalibur in January to remove the property from the Chatsworth Property.

16. On or about April 18, 2019, I notified Mr. Resnick via email of the scheduled auction to take place on April 29, 2019.

17. As the Court has already ordered, there is no automatic stay in effect in this bankruptcy case as to any property. The Debtors filed a motion to impose a stay as to their vehicles, which was denied [Doc. #32].

18. The notice provided has been proper, and the Debtors cite no legal authority in the Ex Parte Motion for this Court to stay or otherwise prevent the auction from taking place. The Debtors have caused extreme delay and hardship on the RESS estate, forcing me to store their personal property—property they insist is valuable and important to them, yet they have done nothing to retake possession of it and instead expect me to continue storing it for them. Ms. Cueva claims in

her declaration that the personal property includes important medical equipment for Julio Molica—equipment he has not had access to since January 2019. Ms. Cueva also claims that if their personal property is sold they will "have no furniture to equipped their home," however also claims they are residing in a hotel.

19.  I have waited for months for these Debtors to collect their personal property and have incurred thousands of dollars of storage costs in doing so—money I may never be able to collect from the Debtors even if I ultimately obtain a contempt sanction award against them. The only realistic way I will be able to recoup any cost is by public auction of this personal property. I have provided lawful notice to the Debtors of the pending sale. Debtors offer no legal authority or factual reason for this Court staying the auction. The Debtors are free to attend the auction and bid on the property if they choose to do so, or have family members assist them in bidding on the property if they do not have sufficient funds.

20.  For these reasons, I respectfully request that the Court enter an order denying the Ex Parte Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of April, 2019, at Los Angeles, California.

*Nancy Zamora* (signature)
Nancy Zamora

## NOTICE TO FORMER OCCUPANTS

NOTICE OF RIGHT TO RECLAIM ABANDONED PROPERTY

TO: NANCY CUEVA, JULIO MOLICA

FORMER ADDRESS: 10351 Oklahoma Avenue, Chatsworth, CA 91311

When you vacated the premises at 10351 Oklahoma Avenue, Chatsworth, CA 91311 **on or about January 8, 2019**, the following personal property remained:

- All furnishings, furniture, appliances, books, paper files, clothing, costume jewelry, shoes, and other personal effects, electronics, artwork, and photographs located in the residence and attached garage, patio furniture, BBQ, two (2) garden sheds and personal effects located therein, three (3) outdoor fountain/statutes, empty safe, and other miscellaneous items
- Two vehicles:
    - White Chevrolet Van, CA License #89846D2 (tags expired Oct. 2018), inoperable
    - Silver Kia Sportage, CA License #5EWN350 (tags expired Nov. 2018), inoperable

If you claim this property at 10351 Oklahoma Avenue, Chatsworth, CA 91311 as set forth in the attached Partial Order After Hearing on Order to Show Cause Re: Contempt (the "Order") entered on January 29, 2019 by the United States Bankruptcy Court as dkt. no. 384 in the Chapter 7 Case of Real Estate Short Sales, Inc., case no. 1:16-bk-11387-GM, you may minimize the costs of storage. If you fail to claim this property as set forth in the Order, unless you pay the Trustee's reasonable cost of storage for all the above-described property, and take possession of the property which you claim, not later than February 14, 2019, this property may be disposed of pursuant to Civil Code Section 1988.

Because this property is believed to be worth less than $700, it may be kept, sold, or destroyed without further notice if you fail to reclaim it within the time indicated above.

By: *Nancy Zamora Chapter 7 Trustee*
Nancy Zamora, Chapter 7 Trustee of
Real Estate Short Sales, Inc., Owner of
10351 Oklahoma Avenue, Chatsworth, CA 91311

EXHIBIT 1    006

**FILED & ENTERED**

JAN 29 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Fisher    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

In re:

Real Estate Short Sales Inc

Debtor(s).

Case No.: 1:16-bk-11387-GM

CHAPTER 7

**PARTIAL ORDER AFTER HEARING ON ORDER TO SHOW CAUSE RE: CONTEMPT**

Date: January 29, 2019
Time: 10:00 a.m.
Courtroom: 303

The hearing on the Order to Show Cause Why Nancy Cueva and the Debtor should not be held in contempt took place as noted above. Jessica Bagdanov appeared for the Trustee, who was also present; Daniel McCarthy appeared for the Debtor, Nancy Cueva, and Julio Molica. Neither Cueva nor Molica were present.

As to the removal of the personal property from 10351 Oklahoma Avenue, Chatsworth, CA 91311 -

The Trustee may have a professional moving firm(s) remove all of the personal property within the house or on the grounds as follows:

(1) On Wednesday, January 30, 2019, a moving company may remove all furniture, fixtures, and other personal property except as noted below.

(2) Ms. Cueva and Mr. Molica will have access to the house and other remises on Wednesday, January 30, 2019 between the hours of 8:00 a.m. and 10:00 a.m. to do the following:

    a. remove any personal property so long as they do so in the presence of the Trustee's representative;

    b. make a list under penalty of perjury of any personal property that they wish to abandon so that it will not be put in storage, but will be discarded by the Trustee. This list will be given to the Trustee's representative. If Mr. Molica is not present, Ms. Cueva is to sign for him under a power of attorney, a copy of which she is to give to the Trustee's representative;

(3) Unless Cueva and Molica give other instructions to the Trustee, the Trustee is to place the personal property from the house in a licensed storage facility. If Cueva and Molica wish any of all of it to be delivered to some other location, on Wednesday morning, January 30, 2019, between 8:00 a.m. and 10:00 a.m. they are to give the Trustee's representative a written instruction with this information. If the transfer costs increase due to the location that they wish the property to be delivered to, they are to present the Trustee with a cashier's check for the estimated additional cost. The cashier's check is to be delivered to the Trustee's office by Wednesday, January 30, 2019 at 4:00 p.m. or the Trustee may disregard the instructions as to where to deliver the personal property.

The above order includes all property on the premises except the two cars and the property in the "garden sheds," (which consists of boxes or documents and other miscellaneous items).

(1) Cueva and Molica have until Friday, February 1, 2019 at 12:00 noon to remove the two cars. If they have not done so by that time, the Trustee may remove and store them. If Cueva and Molica wish to abandon either or both of these cars, they are to include the car(s) in the list of abandoned items which they give the Trustee's representative on January 30 as stated above.

(2) Cueva and Molica will have until February 1, 2019 at 5:00 p.m. to remove the papers and all other items from the garden sheds. If they do not do so, the Trustee may remove them and store them. She may also turn them over to law enforcement. She may also give notice to Molica and Cueva of her intent to destroy them unless Molica and Cueva take possession of them and, after a reasonable time for Molica and Cueca to act, the Trustee may then destroy them.

The Court made oral rulings as to certain behavior of Cueva and Molica and instructed that they are to stop acting so as to interfere with the closing of the sale and specifically that they are to cease all contact with the trust deed holder and to stop recording documents to cloud title. This also applies to the Debtor.

The hearing on the balance of the Order to Show Cause and any other matters is continued to January 31, 2019 at 10:00 a.m. in courtroom 302.

###

Date: January 29, 2019

Geraldine Mund
United States Bankruptcy Judge

-3-

009

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number & Address)*: <br> NANCY HOFFMEIER ZAMORA (State Bar No. 137326) <br> U.S. Bank Tower <br> 633 West 5th Street, Suite 2600 <br> Los Angeles, CA 90071 <br> Telephone: (213) 488-9411 <br> Facsimile: (213) 488-9418 <br> e-mail: zamora3@aol.com <br><br> Chapter 7 Trustee | TELEPHONE NO.: <br><br><br> TRACKING NO.: | FOR COURT USE ONLY |
|---|---|---|
| NAME OF COURT & DISTRICT/BRANCH, IF ANY: <br> UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION | | |
| SHORT TITLE OF CASE: <br> In re: Real Estate Short Sales Inc | | |

| PROOF OF SERVICE | HEARING DATE: | TIME: | DEPT./DIV.: | CASE NUMBER: <br> 1:16-bk-11387-GM |
|---|---|---|---|---|

1. I served the:

    a. **NOTICE TO FORMER OCCUPANTS; PARTIAL ORDER AFTER HEARING ON ORDER TO SHOW CAUSE RE: CONTEMPT**

    b. on *(name)*: Nancy Cueva

    c. by serving: Nancy Cueva

    d. by delivery: ☒ TO RESIDENCE    ☐ TO BUSINESS    ☐ OTHER ( )
       1. date: 01/30/2019
       2. time: 6:53 a.m.
       3. address: 21340 Devonshire St., #1218
          Chatsworth, CA 91311

    e. ☐ by mailing
       1. date:
       2. place:

    f. ☐ witness fees paid.              ☐ production fees paid.
         amount:.........$_____             amount:........$_____

2. Manner of service: Personal Service

3. At the time of service I was at least 18 years old and not a party to the action.

4. Server's information:
   Jeffrey Buan
   BFRM LEGAL SUPPORT SERVICES
   633 W. 5th Street, 28th Fl.
   Los Angeles, CA 90071
   Tel: (213) 291-8383

   ☐ Not A Registered California Process Server
   ☒ Registered California Process Server
   ☒ Registration No.: 2016225465
   ☒ County: Los Angeles
   ☒ Fee for service: $

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on:

Date: 01/31/2019                                       Signature _____

010

## **NOTICE TO FORMER OCCUPANTS**

NOTICE OF RIGHT TO RECLAIM ABANDONED PROPERTY

TO: NANCY CUEVA, JULIO MOLICA

FORMER ADDRESS: 10351 Oklahoma Avenue, Chatsworth, CA 91311

When you vacated the premises at 10351 Oklahoma Avenue, Chatsworth, CA 91311 **on or about January 8, 2019**, the following personal property remained:

- All furnishings, furniture, appliances, books, paper files, clothing, costume jewelry, shoes, and other personal effects, electronics, artwork, and photographs located in the residence and attached garage, patio furniture, BBQ, two (2) garden sheds and personal effects located therein, three (3) outdoor fountain/statutes, empty safe, and other miscellaneous items
- Two vehicles:
    - White Chevrolet Van, CA License #89846D2 (tags expired Oct. 2018), inoperable
    - Silver Kia Sportage, CA License #5EWN350 (tags expired Nov. 2018), inoperable

If you claim this property at 10351 Oklahoma Avenue, Chatsworth, CA 91311 as set forth in the attached Partial Order After Hearing on Order to Show Cause Re: Contempt (the "Order") entered on January 29, 2019 by the United States Bankruptcy Court as dkt. no. 384 in the Chapter 7 Case of Real Estate Short Sales, Inc., case no. 1:16-bk-11387-GM, you may minimize the costs of storage. If you fail to claim this property as set forth in the Order, unless you pay the Trustee's reasonable cost of storage for all the above-described property, and take possession of the property which you claim, not later than February 14, 2019, this property may be disposed of pursuant to Civil Code Section 1988.

Because this property is believed to be worth less than $700, it may be kept, sold, or destroyed without further notice if you fail to reclaim it within the time indicated above.

By: *Nancy Zamora, Chapter 7 Trustee*
Nancy Zamora, Chapter 7 Trustee of
Real Estate Short Sales, Inc., Owner of
10351 Oklahoma Avenue, Chatsworth, CA 91311

**EXHIBIT 2**                                                011

**FILED & ENTERED**

**JAN 29 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Fisher    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Real Estate Short Sales Inc<br><br><br><br>                                                        Debtor(s). | Case No.: 1:16-bk-11387-GM<br><br>CHAPTER 7<br><br>**PARTIAL ORDER AFTER HEARING ON ORDER TO SHOW CAUSE RE: CONTEMPT**<br><br>Date:   January 29, 2019<br>Time:   10:00 a.m.<br>Courtroom:   303 |

The hearing on the Order to Show Cause Why Nancy Cueva and the Debtor should not be held in contempt took place as noted above. Jessica Bagdanov appeared for the Trustee, who was also present; Daniel McCarthy appeared for the Debtor, Nancy Cueva, and Julio Molica. Neither Cueva nor Molica were present.

As to the removal of the personal property from 10351 Oklahoma Avenue, Chatsworth, CA 91311 -

The Trustee may have a professional moving firm(s) remove all of the personal property within the house or on the grounds as follows:

-1-

012

(1) On Wednesday, January 30, 2019, a moving company may remove all furniture, fixtures, and other personal property except as noted below.

(2) Ms. Cueva and Mr. Molica will have access to the house and other remises on Wednesday, January 30, 2019 between the hours of 8:00 a.m. and 10:00 a.m. to do the following:

    a. remove any personal property so long as they do so in the presence of the Trustee's representative;

    b. make a list under penalty of perjury of any personal property that they wish to abandon so that it will not be put in storage, but will be discarded by the Trustee. This list will be given to the Trustee's representative. If Mr. Molica is not present, Ms. Cueva is to sign for him under a power of attorney, a copy of which she is to give to the Trustee's representative;

(3) Unless Cueva and Molica give other instructions to the Trustee, the Trustee is to place the personal property from the house in a licensed storage facility. If Cueva and Molica wish any of all of it to be delivered to some other location, on Wednesday morning, January 30, 2019, between 8:00 a.m. and 10:00 a.m. they are to give the Trustee's representative a written instruction with this information. If the transfer costs increase due to the location that they wish the property to be delivered to, they are to present the Trustee with a cashier's check for the estimated additional cost. The cashier's check is to be delivered to the Trustee's office by Wednesday, January 30, 2019 at 4:00 p.m. or the Trustee may disregard the instructions as to where to deliver the personal property.

The above order includes all property on the premises except the two cars and the property in the "garden sheds," (which consists of boxes or documents and other miscellaneous items).

1  (1) Cueva and Molica have until Friday, February 1, 2019 at 12:00 noon to remove the two cars. If they have not done so by that time, the Trustee may remove and store them. If Cueva and Molica wish to abandon either or both of these cars, they are to include the car(s) in the list of abandoned items which they give the Trustee's representative on January 30 as stated above.

(2) Cueva and Molica will have until February 1, 2019 at 5:00 p.m. to remove the papers and all other items from the garden sheds. If they do not do so, the Trustee may remove them and store them. She may also turn them over to law enforcement. She may also give notice to Molica and Cueva of her intent to destroy them unless Molica and Cueva take possession of them and, after a reasonable time for Molica and Cueca to act, the Trustee may then destroy them.

The Court made oral rulings as to certain behavior of Cueva and Molica and instructed that they are to stop acting so as to interfere with the closing of the sale and specifically that they are to cease all contact with the trust deed holder and to stop recording documents to cloud title. This also applies to the Debtor.

The hearing on the balance of the Order to Show Cause and any other matters is continued to January 31, 2019 at 10:00 a.m. in courtroom 302.

###

Date: January 29, 2019

Geraldine Mund
United States Bankruptcy Judge

-3-

014

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number & Address): <br> NANCY HOFFMEIER ZAMORA (State Bar No. 137326) <br> U.S. Bank Tower <br> 633 West 5th Street, Suite 2600 <br> Los Angeles, CA 90071 <br> Telephone: (213) 488-9411 <br> Facsimile: (213) 488-9418 <br> e-mail: zamora3@aol.com <br><br> Chapter 7 Trustee | TELEPHONE NO.: <br><br><br> TRACKING NO.: | FOR COURT USE ONLY |
|---|---|---|
| NAME OF COURT & DISTRICT/BRANCH, IF ANY: <br> UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION | | |
| SHORT TITLE OF CASE: <br> In re: Real Estate Short Sales Inc | | |
| **PROOF OF SERVICE** | HEARING DATE: | TIME: | DEPT./DIV.: | CASE NUMBER: <br> 1:16-bk-11387-GM |

1. I served the:

    a. **NOTICE TO FORMER OCCUPANTS; PARTIAL ORDER AFTER HEARING ON ORDER TO SHOW CAUSE RE: CONTEMPT**

    b. on *(name)*: Julio Molica

    c. by serving: Julio Molica

    d. by delivery:  ☒ TO RESIDENCE    ☐ TO BUSINESS    ☐ OTHER ( )
       1. date: 01/30/2019
       2. time: 6:53 a.m.
       3. address: 21340 Devonshire St., #1218
          Chatsworth, CA 91311

    e. ☐ by mailing
       1. date:
       2. place:

    f. ☐ witness fees paid.    ☐ production fees paid.
       amount:.........$_____        amount:........$_____

2. Manner of service: Personal Service

3. At the time of service I was at least 18 years old and not a party to the action.

4. Server's information:
   Jeffrey Buan
   BFRM LEGAL SUPPORT SERVICES
   633 W. 5th Street, 28th Fl.
   Los Angeles, CA 90071
   Tel: (213) 291-8383

   ☐ Not A Registered California Process Server
   ☒ Registered California Process Server
   ☒ Registration No.: 2016225465
   ☒ County: Los Angeles
   ☒ Fee for service: $

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on:

Date:  01/31/2019                    Signature _____

**015**

| | |
|---|---|
| **From:** | zamora3@aol.com |
| **To:** | matt@rhmfirm.com |
| **Cc:** | Jessica Bagdanov |
| **Subject:** | Fwd: Real Estate Short Sales, Inc.--storage of personal property |
| **Date:** | Monday, April 01, 2019 1:56:46 PM |

Matt:

Below is the email exchange I had with Edgar or Excalibur where the personal property is being stored. As you will see from his response, he has not been contacted by Nancy Cueva.

Pursuant to the Bankruptcy Court orders that I have, and the statutory notices that were provided, as chapter 7 Trustee of Real Estate Short Sales, Inc., I am proceeding with the sale of the personal property to satisfy the storage costs incurred by the chapter 7 Estate.

Nancy Zamora
Chapter 7 Trustee


-----Original Message-----
From: excalibur van lines <excaliburvanlines@gmail.com>
To: zamora3 <zamora3@aol.com>
Sent: Mon, Apr 1, 2019 1:46 pm
Subject: Re: Real Estate Short Sales, Inc.--storage of personal property

No, she has not contacted me at all.

-Edgar

On Mon, Apr 1, 2019 at 1:45 PM <zamora3@aol.com> wrote:
> Edgar:
>
> Has Nancy Cueva contacted you recently about moving her personal property out of storage?
>
> Nancy Zamora
> Chapter 7 Trustee

**EXHIBIT 3**    016

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367.**

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF NANCY ZAMORA IN RESPONSE TO EX-PARTE MOTION FILED BY NANCY CUEVA [DOC. #42]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 24, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jessica L Bagdanov     jbagdanov@bg.law, ecf@bg.law
- Austin P Nagel     melissa@apnagellaw.com
- Matthew D. Resnik     matt@rhmfirm.com, ResnikMR81240@notify.bestcase.com; roksana@rhmfirm.com; rosario@rhmfirm.com; janita@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com; priscilla@rhmfirm.com; pardis@rhmfirm.com; russ@rhmfirm.com;rebeca@rhmfirm.com
- Elizabeth (SV) F Rojas (TR)     cacb_ecf_sv@ch13wla.com
- Valerie Smith     claims@recoverycorp.com
- United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 24, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**

Honorable Maureen A. Tighe
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 324 / Courtroom 302
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 24, 2019 | MELA ZEPEDA | /s/ Mela Zepeda |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**